In re MINGO VAL. CREAMERY ASS'N.

(District Court, E. D. Pennsylvania. March 26, 1900.)

No. 309.

BANKRUPTCY—ACTS OF BANKRUPTCY—TIME OF FILING PETITION.

Where an insolvent corporation sold its real estate, and used the proceeds in paying some of its creditors to the exclusion of others, and a petition in involuntary bankruptcy against it, alleging the transaction as an act of bankruptcy,—not on the theory of its being a conveyance of property with intent to delay and defraud creditors, but on the ground that the payments out of the price received were a transfer of property with intent to prefer certain creditors,—was filed more than four months after such payments were made, though within four months after the recording of the deed, *held*, that the petition was too late, and must be dismissed.

In Bankruptcy. On exceptions to report of referee in bankruptcy recommending an adjudication in involuntary bankruptcy against the respondent.

Wagner & Williams, for creditors.

James L. Greenwald, Clinton O. Mayer, and E. L. Hallman, for respondent.

McPHERSON, District Judge. I think the learned referee may perhaps have been misled by the lack of clear arrangement in the language of the petition; for he has decided the question raised by the petition and answer as if the act of bankruptcy charged was the fraudulent conveyance referred to in section 3a, cl. 1. I do not so understand the charge, the petition upon this point being as follows:

"That said Mingo Valley Creamery Association is insolvent, and that within four months next preceding the date of the filing of this petition the said Mingo Valley Creamery Association committed an act of bankruptcy, in that the said Mingo Valley Creamery Association did heretofore, namely, on the 19th day of June, 1899, convey and transfer unto A. Gurney Fry and Harry W. Reifsnyder the real estate owned by the said Mingo Valley Creamery Association, as is shown by deed dated June 7, 1899 (recorded June 19th), in Deed Book 448, page 280, said real estate being located in Upper Providence township, said county of Montgomery, but said Mingo Valley Creamery Association, upon request by your petitioner, then refused to pay, and still refuses to pay, your petitioner's claim or any part thereof; and that said Mingo Valley Creamery Association used the proceeds of the sale of said real estate, to wit, five thousand three hundred dollars, in paying some of the debts of said Mingo Valley Creamery Association in full, and some of the individual debts of several directors of said Mingo Valley Creamery Association, and that the claim of your petitioner has not been paid, either in whole or in part, for the purpose,

of defrauding the estate of Daniel Freyer, deceased, out of the whole of its claim; and that said Mingo Valley Creamery Association, at the time of the commission of the act of bankruptcy, owed debts to the sum of eight thousand dollars or more, while its property was worth only five thousand three hundred dollars."

This I think is framed, not under section 3a, cl. 1, but under section 3a, cl. 2, and is intended to charge that the bankrupt "transferred while insolvent a portion of his property (namely, the proceeds of the sale) to one or more of his creditors, with intent to prefer such creditors over his other creditors." The paragraph quoted lays stress upon the insolvency of the association, which is essential under clause 2, but is not essential, although it may be present and may be an important circumstance, under clause 1, and then goes on to charge with distinctness the actual preferring of certain creditors. The construction adopted by the referee is apparently due to the belief that the phrase, "for the purpose of defrauding the estate of Daniel Freyer, deceased, out of the whole of its claim," qualifies the averment concerning the conveyance of the land. I find myself unable to agree with this view. It seems to me, both from the grammatical position of the phrase and from the whole sense of the paragraph, that the association is charged with a fraudulent purpose, not in the conveyance of the land, but in the payment of the preferred creditors. The bankrupt understood the charge to be of this nature; for, after using substantially the language of the act in denying generally the commission of any act of bankruptcy, the specific denial of the answer is not of an unlawful sale, but of unlawful payment; "that said sale was an open, outright sale, and the moneys realized from said sale were, as respondent is advised and believes, lawfully paid out in payment of the indebtedness of the said company, and such payment, respondent is advised and believes, was a legal and proper payment to his creditors, and not an act of bankruptcy." The charge, therefore, being under clause 2 of section 3a, it follows that the petition was filed too late. The preferences were given on June 8th, and the petition was not filed until October 13th.

The exceptions to the report of the referee must be sustained, and the petition dismissed.